UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

CODY CORY-LEA CONNOLLY,

        Petitioner,

v.

RANDEE REWERTS,

        Respondent.

_____/

Case No. 1:19-cv-701

Honorable Robert J. Jonker

## **OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Discussion

### I. Factual allegations

Petitioner Cody Cory-Lea Connolly is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Michigan. On May 13, 2016, following a four-day jury trial in the Allegan County Circuit Court, Petitioner was convicted of torture, assault with intent to do great bodily harm (AGBH), interfering with a crime report, and aggravated domestic violence-second offense. The jury acquitted Petitioner of unlawful imprisonment and assault by strangulation. On June 20, 2016, the court sentenced Petitioner to concurrent prison terms of 20 to 45 years for torture, 5 to 10 years for AGBH and interfering with a crime report, and 3 to 5 years for aggravated domestic violence.

Resolution of Petitioner's habeas issues does not require a detailed recounting of the trial testimony. A summary from the Michigan Court of Appeals opinion will suffice to provide the necessary factual background:

> Defendant's convictions arise from an altercation with his now ex-wife in the couple's bedroom. According to the victim, defendant accused her of exchanging text messages with another man and demanded to see her cell phone. When the victim refused, defendant pulled her off the end of the bed by her feet and onto the floor. The victim went into the bathroom with her phone and locked the door. Defendant used his body to break open the bathroom door, and then began choking the victim. Defendant subsequently grabbed the victim by her hair, pulled her down, and dragged her out of the bathroom and into the bedroom. The victim got up and ran to the bathroom to retrieve her cell phone, and as she was attempting to call 911, defendant grabbed her phone and put it in the toilet. Defendant then pulled the victim out of the bathroom by her arm. The victim grabbed a table lamp and struck defendant in the head before running for the bedroom door, but defendant blocked the door, preventing her from leaving. The victim tried to get out of the bedroom by climbing through a window, but defendant pulled her back, causing her to pull down the curtains. As the victim tried to get around defendant to the door, he grabbed her by the waist, lifted her off the floor, and then "body slammed" her to the floor.
>
> According to the victim, she experienced the "worst pain" she had ever felt. She could not move or get up from the floor. Defendant denied the victim's request to call an ambulance and, instead, began audio recording the victim with his cell

phone. For about an hour and a half, the victim remaining lying on the floor, screaming and asking for medical assistance, as defendant negotiated with her to devise a story to explain her injuries and told her that she should suffer. In the audio recording defendant told the victim that the couple would lose custody of their child and defendant's other children if it was determined that the victim's injuries were the result of domestic violence. Ultimately, defendant's grandmother arrived at the house and, after an approximately 30-minute drive with defendant and his grandmother, the victim arrived at the hospital, where it was determined that the victim suffered a fracture of her pelvis. She also had bruise marks around her neck and abrasions on her shoulders and arms. Defendant did not deny that the incident occurred, but claimed that the victim was the aggressor and that her description of the incident was inaccurate.

*People v. Connolly*, No. 333703, 2017 WL 6598129, at *1 (Mich. Ct. App. Dec. 26, 2017).

On August 23, 2019, Petitioner timely filed his habeas corpus petition raising two grounds for relief, as follows:

I. The trial court reversibly erred and violated Petitioner's constitutional due process rights in wrongly admitting evidence of prior criminal conduct under Mich. Comp. Laws § 768.27b.

II. The trial court abused its discretion and denied Petitioner his right to due process by allowing the prosecutor to amend the information and by denying the request for a preliminary examination on the new charge.

(Pet'r's Br., ECF No. 2, PageID.10.)

## II.    AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision

that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v Rodgers*, 569 U.S. 58, 64 (2013); *Parker v Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*,

4

135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III. Prior criminal conduct

Prior to Petitioner's trial, the prosecutor filed a notice of intent to present evidence, under Mich. Comp. Laws § 768.27b, of prior incidents of domestic violence that Petitioner committed against an ex-girlfriend, the mother of Petitioner's two children, Jennifer Capps. The court permitted Ms. Capps to testify regarding several incidents of domestic violence. (Pet'r's Br., ECF No. 2, PageID.16-17.) Petitioner claims that the court's admission of Ms. Capps' testimony violated state law and his due process rights.

The Michigan Court of Appeals concluded that the evidence was admissible under Mich. Comp. Laws § 768.27b and the Michigan Rules of Evidence. *Connolly*, 2017 WL 6598129, at *5-6. The appellate court did not address the due process argument.

To the extent Petitioner contends that the state courts did not follow Mich. Comp. Laws § 768.27b or properly apply the Michigan Rules of Evidence, he does not state a cognizable

5

claim.  The extraordinary remedy of habeas corpus lies only for a violation of the Constitution.  28 U.S.C. § 2254(a).  As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."  *Id.* at 67-68.  Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Id.* at 68.

State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.  *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).  This approach accords the state courts wide latitude in ruling on evidentiary matters.  *Seymour*, 224 F.3d at 552.

Further, under the AEDPA, the Court may not grant relief if it would have decided the evidentiary question differently.  The Court may only grant relief if Petitioner is able to show that the state court's evidentiary ruling was in conflict with a decision reached by the Supreme Court on a question of law or if the state court decided the evidentiary issue differently than the Supreme Court did on a set of materially indistinguishable facts.  *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000).

Petitioner cannot prevail on his habeas claim that the admission of evidence of another bad act violates due process because there is no clearly established Supreme Court precedent that holds that a state court violates the Due Process Clause by permitting propensity evidence in the form of other bad acts evidence.  In *Estelle v. McGuire*, the Supreme Court declined

6

to hold that the admission of prior acts evidence violated due process. *Estelle*, 502 U.S. at 75. The court stated in a footnote that, because it need not reach the issue, it expressed no opinion as to whether a state law would violate due process if it permitted the use of prior crimes evidence to show propensity to commit a charged crime. *Id.* at 75 n.5. While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997)—a case upon which Petitioner relies—and *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms. Thus, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Accordingly, Petitioner is not entitled to habeas relief on this claim.

### IV. Amended information

Petitioner next complains because a couple of months before trial the prosecutor amended the information to include new charges including the torture charge which resulted in Petitioner's most significant sentence. The Due Process Clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him so as to provide him an adequate opportunity to prepare his defense. *See*, *e.g.*, *In re Ruffalo*, 390 U.S. 544 (1968); *Blake v. Morford*, 563 F.2d 248 (6th Cir. 1977); *Watson v. Jago*, 558 F.2d 330, 338 (6th Cir. 1977). This requires that the offense be described with some precision and certainty so as to apprise the accused of the crime with which he stands charged. *Combs v. State of Tennessee*, 530 F.2d 695, 698 (6th Cir. 1976). Such definiteness and certainty are required as will enable a presumptively innocent man to prepare for trial. *Id*. "Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on

7

federal collateral review." *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002) (quoting *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986)). "An indictment which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira*, 806 F.2d at 639. In other words, as long as "sufficient notice of the charges is given in some . . . manner" so that the accused may adequately prepare a defense, the Fourteenth Amendment's Due Process Clause is satisfied. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984); *Watson*, 558 F.2d at 338.

Petitioner does not deny that he received adequate notice of the new charges. Instead, he complains because that due process requires notice **and** a fair hearing: "he was denied his due process rights to the preliminary hearing." (Pet'r's Br., ECF No. 2, PageID.32.) The Michigan Court of Appeals rejected Petitioner's claim:

> [I]t is well settled that errors in the sufficiency of proofs at the preliminary examination must be considered harmless if sufficient evidence is presented at trial to convict the defendant of the charges. *People v. Bennett*, 290 Mich. App. 465, 481; 802 N.W.2d 627 (2010). As discussed earlier, sufficient evidence was presented at trial to convict defendant of torture. Therefore, defendant has not demonstrated that he was prejudiced by the failure to conduct a preliminary examination on the torture charge. *See McGee*, 258 Mich. App. at 693.

*Connolly*, 2017 WL 6598129, at *7.

The court of appeals decision is consistent with clearly established federal law. Challenges to the propriety of initial proceedings in the state courts are not cognizable in federal habeas corpus, because they do not undermine the validity of a conviction. *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975); *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002) ("Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review."); *Mira*, 806 F.2d at 639; *Lewis v. Procunier*, 746 F.2d 1073, 1075 (5th Cir. 1984) (allegation of defective indictment insufficient to state a claim for habeas relief); *Johnson v. Turner*, 429 F.2d 1152, 1154 (10th Cir. 1970) (alleged defect in state complaint not cognizable in habeas corpus);

8

*Hogan v. Ward*, 998 F. Supp. 290, 294-95 (W.D.N.Y. 1998) (petitioner not entitled to relief on ground that state felony complaint was defective). Taken at face value, Petitioner's claim establishes, at best, that the amended information was not based upon a proper showing of probable cause.

It is well-settled, however, that a convicted defendant cannot upset a conviction on the argument that no probable cause was shown prior to conviction. *See United States v. Saussy*, 802 F.2d 849, 852 (6th Cir. 1986). Consequently, even if Petitioner were able to show that the information was not supported by a sufficient factual showing, this in no way impugns his conviction, which was based upon a jury verdict, not on the information. *See United States v. Mechanik*, 475 U.S. 66, 73 (1986) ("Jury's verdict rendered harmless any conceivable error in charging decision . . . ."). Moreover, "there is no constitutional requirement for a preliminary examination." *Via v. Perini*, 415 F.2d 1052, 1054 (6th Cir. 1969); *see also United States v. Luxenberg*, 374 F.2d 241, 248 (6th Cir. 1967) ("There is no constitutional requirement for such an examination."); *Dillard v. Bomar*, 342 F.2d 789, 790 (6th Cir. 1965) ("We do not find that the Supreme Court has ever held that an accused has a constitutional right to a preliminary hearing.").

For all these reasons, Petitioner has failed to show that the Michigan Court of Appeals decision rejecting his challenge to the failure to hold a preliminary examination on the charges in the amended information is contrary to, or an unreasonable application of, clearly established federal law. Accordingly, he is not entitled to habeas relief on this claim.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

9

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

Moreover, for the same reasons I conclude that Petitioner has failed to demonstrate that he is in custody in violation of the constitution and has failed to make a substantial showing of a denial of a constitutional right, I also conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Court will enter a judgment and order consistent with this opinion.


Dated:   September 25, 2019         /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE